IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROLANDO RODRIGUEZ-FLORES, et al.,

          Petitioners,

v.                                               CIVIL ACTION NO. 3:26-cv-00169

LEONARD ODDO, et al.,

          Respondents.

**ORDER**

Pending before the Court are Petitioner Rolando Rodriguez-Flores's ("Petitioner") Petition for Writ of Habeas Corpus, (ECF No. 1), and Motion for Immediate Order to Show Cause, (ECF No. 4). Petitioner filed his Petition on March 2, 2026. (ECF No. 1.) When Petitioner filed his Petition, he was detained in the custody of Immigration and Customs Enforcement ("ICE") at the Moshannon Valley Processing Center ("MVPC") in Philipsburg, Pennsylvania. (ECF No. 1 at 1, ¶ 1.) To the Court's knowledge, he continues to be detained at MVPC.

"The plain language of the habeas statute [] confirms the general rule that for core habeas petitions challenging present physical confinement, *jurisdiction lies in only one district: the district of confinement*." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2024) (emphasis added). Philipsburg is located in Centre County, Pennsylvania, (ECF No. 1 at 1, ¶ 1), which is located within the jurisdictional boundaries of the Middle District of Pennsylvania, *see* 28 U.S. Code § 118(b). Thus, this Court seemingly lacks jurisdiction over the Petition.

Petitioner concedes that, generally, "jurisdiction lies in only one district: the district of confinement." (*Id.* at 3–5, ¶¶ 8–14 (quoting *Padilla*, 542 U.S. at 443)). Nevertheless, Petitioner argues that this Court should recognize an exception to this default rule for two reasons. (*Id.* at 4–5, ¶¶ 10–14.).

First, Petitioner argues that the Court should deviate from the default rule because he is detained in a privately owned facility. (*Id.* at 4, ¶ 10 (citing *Saravia v. Sessions*, 280 F.Supp.3d 1168, 1185 (N.D. Cal. 2017)).) Second, Petitioner argues that the Government acted in bad faith by obstructing Petitioner's access to this Court. (*Id.* at 4–5, ¶¶ 11–14 (citing *Padilla*, 542 U.S. at 453–54; *Suri v. Trump*, 785 F. Supp. 128, 139 (2025)). Specifically, Petitioner recites a sequence of events, discussed below, which purport to show that "Petitioner was transferred out of the Southern District of West Virginia for the specific purpose of attempting to evade the jurisdictional authority of the Southern District of West Virginia." (*Id.* at 5, ¶¶ 12–14.)

On February 26, 2026, ICE arrested Petitioner and detained him for a civil immigration violation at the Western Regional Jail ("WRJ"). (*Id.* at 5, 8 ¶¶ 12, 30.) Counsel for Petitioner was informed by other ICE detainees at WRJ that Petitioner would be transferred to South Central Regional Jail ("SCRJ") via the ICE processing facility in Poca, West Virginia. (*Id.* at 5, ¶ 12.) On February 27, 2026, at 4:00 P.M., ICE arrived at SCRJ with Petitioner. (*Id.*, ¶ 13.) On that same day, Judge Goodwin entered orders in seven different immigration detention cases, in which he issued the following final warning to the government:

> If systematic violations continue despite repeated judicial findings of unconstitutionality, this court will employ the full range of its inherent authority, including (1) injunctive relief prohibiting detention without individualized custody determinations, (2) contempt proceedings against officials who defy this court's orders or constitutional rulings, (3) monetary sanctions against responsible officials, and (4) any other such other relief as may be necessary to vindicate constitutional rights and enforce this Court's rulings.

*Dominguez v. Mason*, 2:26-cv-00121, 2026 WL 561235, at *6 (S.D. W. Va. Feb. 27, 2026) (Goodwin, J.).

Based on this information, Petitioner alleges that ICE "transferred [him] out of the Southern District of West Virginia for the specific purpose of attempting to evade the jurisdictional authority of the Southern District of West Virginia." (ECF No. 1 at 5, ¶ 14.) Petitioner further argues that, because Respondents acted in bad faith, they waived their objections based on the default jurisdiction rule. (*Id.*, ¶ 14, n.2 (citing *Padilla*, 542 U.S. at 452 (Kennedy, J., concurring)). Also, Petitioner argues that, to the extent Respondents intend to "raise a venue/jurisdictional objection here and dispute Petitioner's representations herein, Petitioner will seek expedited discovery on the facts and circumstances surrounding Petitioner's transfer." (*Id.*)

The Court has not received any response from the Respondents, and the Court's jurisdiction remains uncertain.[1]

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner shall file a written response to this Order on why this Court has jurisdiction by **Wednesday, March 11, 2026, at 5:00 P.M.**

2. Respondents shall have an opportunity to file a response by **Wednesday, March 18, 2026, at 5:00 P.M.**

---

[1] *See Padilla*, 542 U.S. at 454 (Kennedy, J. concurring) (noting limited exceptions to the default jurisdiction rule); *see also Gonzalez-Pablo v. Mason*, 788 F. Supp. 3d 759, 763n.1 (S.D. W. Va. 2025) (Goodwin, J.) (indicating that when the Government seeks to avoid judicial review, jurisdictional issues are implicated); *Llano v. Garland*, 2:25-cv-12328-RGK-ACCV, 2026 U.S. Dist. LEXIS 30554 (C.D. Ca. Feb. 12, 2026) (ordering Plaintiff to show cause because his petition was not filed in the district of confinement); *Ozturk v. Trump*, 777 F. Supp. 3d 26, 37–38 (D. Mass. 2025) (collecting cases); *but see Acosta v. United States Dep't of Homeland Sec.*, 2026 WL 440456, at *1 (finding the court lacked jurisdiction because it was not the district of confinement, even though the petitioner was housed in a private contract facility).

3. Petitioner shall have the opportunity to file a reply by **Tuesday, March 25, 2026, at 5:00 P.M.**[2]

4. Respondents shall not remove or facilitate the removal of Petitioner and/or his property from the United States, or transfer Petitioner to a location further from the Southern District of West Virginia than where he is presently located, pending further order of the Court.

5. Respondents shall **FORTHWITH, IMMEDIATELY, AND IN NO EVENT LATER THAN 24 HOURS FROM SERVICE OF THE PETITION AND THIS ORDER** afford Petitioner a reasonable opportunity to confidentially consult with counsel and shall take all necessary steps to facilitate such communication.

6. Service of this Order shall be made by Petitioner on the United States Attorney for the Southern District of West Virginia **FORTHWITH but no later than 5:00 P.M. on Wednesday, March 4, 2026**, and shall constitute good and sufficient service on the federal defendants.

7. Service of this Order shall be made by Petitioner on Leonard Oddo, Facility Administrator of the Moshannon Valley Processing Center, **FORTHWITH** but no later than **5:00 P.M. on Wednesday, March 4, 2026,** and shall constitute good and sufficient service on Facility Administrator Oddo.

---

[2] Alternatively, the parties could forego briefing if (1) they consent to this case being transferred to the Middle District of Pennsylvania, or (2) Respondents consent to release Petitioner consistent with this Court's prior orders and, within 24 hours of Petitioner's release, provide a written response notifying the Court of Petitioner's release. *See, e.g., Serna Zareta v. Mason*, 2:26-cv-00069**,** Judgment Order, ECF No. 38 (S.D. W. Va. Feb. 13, 2026) (ordering that the petitioners be released immediately and that any personal possessions belonging to the petitioners be returned).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    March 4, 2026

        _____
        THOMAS E. JOHNSTON
        UNITED STATES DISTRICT JUDGE